IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-40119-RDR |
| | ) | |
| | ) | |
| TERRY L. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

I. INTRODUCTION.

On November 29, 2005, the court conducted a detention hearing in this case.   The Government appeared by and through Assistant United States Attorney, Michael G. Christensen.  The defendant, Terry L. Johnson, appeared in person and through Assistant Federal Public Defenders, Kirk C. Redmond and Melody B. Evans.

The issue before the court is whether defendant should be released on conditions, or held in custody, pending trial.  The stated bases for the Government's motion for pretrial detention are that the defendant poses a serious risk of danger to the community if not detained, and further that he poses a serious flight risk.  Based on the evidence and arguments presented, the court's findings of fact, conclusions of law, and ruling on the issue of pretrial detention are as follows.

II.  FRAMEWORK FOR ANALYSIS.

The Government's motion for pretrial detention has been asserted pursuant to the Bail Reform Act of 1984.  See 18 U.S.C. §§ 3141 to 3150.  Of course, as an analytical starting point, it is critical to keep in mind that in our society liberty is the norm and pretrial detention is the exception to that norm.  See *United States v. Salerno*, 481 U.S. 739, 755 (1987). Responding, however, to what Congress perceived to be a "bail crisis in the federal courts" and "the alarming problem of crimes committed by persons on [pretrial] release," the Bail Reform Act was enacted to provide judges the authority to make release decisions that "give appropriate recognition to the danger a person may pose to others if released." *Salerno*, 481 U.S. at 742 (quoting legislative history).  In *Salerno*, the Supreme Court held that the Bail Reform Act was not facially unconstitutional under the Due Process Clause of the Fifth Amendment or the Excessive Bail Clause of the Eighth Amendment.  481 U.S. at 755.

Under the Bail Reform Act, pretrial release is mandated unless the court finds that, regardless of any conditions, such release will not reasonably assure the appearance of the defendant as required, or that such release will endanger the safety of any other person or the community.  See 18 U.S.C. §§ 3142(b) & (e).  The Government is not entitled to ask for a detention hearing on the ground of dangerousness unless the defendant is charged in the present case with:  (a) a crime of violence; (b) an offense punishable by death or life imprisonment; (c) a drug offense carrying a maximum penalty of ten years or more imprisonment; or (d) any felony if the defendant has two or more prior convictions involving crimes of the types mentioned just above.  See 18 U.S.C. § 3142(f)(1).  However, the Government (or the court on its own motion) also may request detention in a case that

involves:  (a) a serious risk that the defendant will flee; or (b) a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.   See 18 U.S.C. § 3142(f)(2).

The Bail Reform Act has certain procedural safeguards for the benefit of the accused. For example, the Government must prove any claim of dangerousness by clear and convincing evidence.  18 U.S.C. § 3142(f).  Clear and convincing evidence is evidence that produces in the mind of the trier of fact an abiding conviction that the truth of the factual contentions are highly probable.  See *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984). However, the Government's burden of proof with regard to any claim of risk of flight is only by a preponderance of the evidence.  See *United States v. Walters*, 89 F. Supp. 2d 1217, 1220-21 (D. Kan. 2000); *United States v. Jones*, 980 F. Supp. 359, 361 (D. Kan. 1997); *United States v. Carlos*, 777 F. Supp. 858, 860 (D. Kan. 1991).  See also *United States v. Quartermaine*, 913 F.2d 910, 917 (11th Cir. 1990).

As a practical matter, the Bail Reform Act calls for a two-step analysis of each case. First, the court must determine whether:  (a) the defendant has been charged with any of the types of offenses specified in section 3142(f)(1) of the statute; (b) the Government contends or the court believes that there is a serious risk of flight pending trial; or (c) the Government contends or the court believes that there is a serious risk of obstruction of justice or witness intimidation pending trial.  If any of these three situations exist, the inquiry then turns to the second, more difficult step of the analysis.  This focuses on whether any combination of conditions that could be placed on the defendant's pretrial release will adequately assure the

appearance of the defendant, and adequately assure the community against the danger posed by such release.

## III.  ANALYSIS.

In the case now before the court, the parties agreed during the detention hearing that defendant has been charged with crimes of violence.  In this regard, the record reflects that a three-count indictment was returned against defendant on November 2, 2005 (doc. 1).  The indictment, highly summarized, alleges that defendant sent certain letters threatening acts of physical violence to President Bush and Kansas Governor Kathleen Sebelius, and certain members of their respective families.[1]

As mentioned above, the Government also contends that the defendant is a serious flight risk.  Accordingly, the first step of the pertinent statutory analysis is satisfied.  That is, as a matter of law, the court concludes that the Government is entitled to seek detention of the defendant on the ground of dangerousness based on the nature of the crime charged, and separately based on serious risk of flight.

Section 3142(e) of the Bail Reform Act creates the rebuttable presumption that no combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community if:  (1) there is probable cause to believe the defendant

---

[1] On December 21, 2004, defendant allegedly mailed a letter addressed to the President in Washington, DC, which in pertinent part stated: "I'm ordering your entire family [sic] death starting with your brother Jeb Bush," and "I send your brother [sic] head to the White House."  And, on February 11, 2005, defendant allegedly mailed a letter addressed to Governor Sebelius, stating in pertinent part: "I'm watching your husband.  Every move he to [sic] will be killed If [sic] you do not act now."

committed an offense for which a maximum term of imprisonment of ten years or more is prescribed under the Federal drug laws[2]; or (b) there is probable cause to believe that the defendant committed an offense under 18 U.S.C. § 924(c), which generally proscribes the use of a firearm in connection with drug trafficking or any felony-level crime of violence.[3] In the case at bar, however, the parties agree that a rebuttable presumption of detention does not apply.

It should be kept in mind that the concept of "dangerousness," as used in the Bail Reform Act, has a much broader construction than might commonly be understood in everyday parlance.  Although it embraces the common notion of a substantial threat of physical violence, it also contemplates the broader danger that the defendant might engage in criminal activity to the detriment of the community.

## IV.  FINDINGS OF FACT.

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required, and the safety of any other person and the

---

[2] A rebuttable presumption also applies under 18 U.S.C. 3142(e) if the pending case involves one of the four types of predicate offenses enumerated in section 3142(f) and if:  (a) the defendant previously has been convicted of a crime providing for ten or more years imprisonment on a Federal or State drug-related offense; (b) the offense charged was committed while the defendant was on release pending trial for a Federal or State offense; and (c) a period of not more than five years has elapsed since the date of the above-described conviction.

[3] The rebuttable presumption, in addition to section 924(c) cases, applies if the defendant is charged with violating 18 U.S.C. § 956(a), which generally proscribes conspiracy to kill, kidnap, or injure persons or damage property in a foreign country, or if the defendant is charged with violating 18 U.S.C. § 2332(b), which generally proscribes acts of terrorism transcending national boundaries.

community, the court must take into account the available information concerning the following four major factors, which are specifically set forth in section 3142(g) of the Bail Reform Act:

       **A.**      **The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.**  As mentioned above, the offenses charged in this case involve crimes of violence. This factor, in the court's view, weighs in favor of detention.

       **B.**      **The weight of the evidence against the person.**  Of course, the defendant always is presumed innocent in a criminal case.  Nevertheless, under the Bail Reform Act, the court must consider the weight of the evidence against the defendant in the context of a detention hearing.  The grand jury's indictment, standing alone, establishes probable cause for purposes of the Bail Reform Act.  In the present case, however, the Government chose not to rest upon the indictment but proffered that defendant has confessed to writing the above-described letters.  The court overrules defendant's objection to consideration of this confession on the basis that discovery has not yet been provided to defendant by the Government, i.e., the court is unpersuaded that said objection, which probably would be sustained if made at trial, is cognizable in a detention hearing context.  In any event, the court finds that the record discloses a strong case on the merits against the defendant.  In the court's view, this factor weighs in favor of detention.

C.      **The general history and characteristics of the defendant[4], which brings into play a variety of specific other sub-factors:**

1.      **The defendant's character.**  Other than what arguably could be inferred from the previously mentioned probable cause finding, and from the defendant's criminal record which will be separately discussed below, neither party presented anything during the detention hearing from which the court believes it can fairly be inferred that the defendant's character is particularly good or poor.  This factor therefore is neutral.

2.      **The defendant's mental and physical condition.**  It is uncontroverted that defendant, who only has a seventh grade education, has a very long history of suffering from serious mental health problems, which in the past have led to anti-social and often violent behavior.  *See* Defendant's Exhibits A and B.  Although the record is devoid of any specific clinical diagnosis, and although as recently as May 2005 defendant was deemed competent enough stand trial on unrelated criminal charges in the District Court of Shawnee County, Kansas, the court does note that defendant was hospitalized for mental health treatment in 2003, 2004, and 2005.  This factor, viewed in light of defendant's criminal record and the instant charges, weighs in favor of detention.

3.      **The defendant's family ties.**  Defendant, now age 42, has had no contact with his mother during the last ten years; his father is deceased.  Defendant does not

---

[4] Prior to the detention hearing, counsel for the Government and for the defendant were provided copies of the Pretrial Services Report concerning defendant's background.  The parties stipulated during the hearing that the court could take judicial notice of the factual information contained in the report.

have any contact with any of his numerous siblings.  Nor does he appear to have any substantial relationship with either of his children.  Defendant reports that he is engaged, but his fianceé is in jail.  The family ties factor in this case thus weighs in favor of detention.

      **4.**     **The defendant's employment situation.**  Defendant reports that he has owned and operated a tree trimming for the past twenty years, but this information has not been verified by Pretrial Services and, given the state of the record as a whole, seems more than just a bit dubious.  In any event, in the court's view, this factor weighs in favor of pretrial release, bu only slightly for the two reasons mentioned just above.

      **5.**     **The defendant's financial resources.**  The defendant is a person of limited financial means.  He has little, if anything, in the way of accumulated financial resources.  Arguably, defendant would stand to lose very little if he were to flee before trial.  But the court declines to draw that inference in this particular case.  This factor is neutral in this case.

      **6.**     **The defendant's length of residence in the community and his community ties.**  Although defendant has resided in the Topeka community for approximately twenty years, apart from what already has been described with regard to family ties and employment, there is nothing in the record to suggest other meaningful community ties, including but not limited to such things as particularly close relationships with friends or neighbors, regular participation in a particular form of recreation with other persons, involvement in school or civic groups, holding of public office, membership and some semblance of regular attendance at a particular house of worship, or anything similar

to the foregoing activities.  This factor weighs in favor of detention, but in the court's view only slightly in this particular case.

       7.      **The defendant's past conduct.**  Other than what will be addressed separately in connection with the defendant's criminal record, nothing specific has been presented that would allow a reasonable inference that the defendant's prior conduct has been particularly good or poor.  This factor is neutral.

       8.      **The defendant's history, if any, relating to drug or alcohol abuse.** There is no specific evidence in the record of drug or alcohol abuse.  This factor weighs in favor of  pretrial release.

       9.      **The defendant's criminal history.**  In this regard, as summarized in the Pretrial Services Report concerning defendant, his criminal history is as follows:

| DATE | OFFENSE | PLACE | DISPOSITION |
|------|---------|-------|-------------|
| 01/25/90 | Deliver Simulated Substance | Shawnee County, Kansas District Court Docket No. 90CR499 | **01/22/91**: 2 years probation **03/07/95**: Released from probation |

One count of Felony Theft was dismissed per the plea negotiations. The defendant's
probation was extended two times. Several warrants were issued for the defendant failing to
appear in this case.

| 06/25/90 | Obstruction (2 counts) | Shawnee County, Kansas District Court Docket No. 90CR1459 | **09/20/90**: 12 months probation |
|---|---|---|---|

One count of Criminal Trespass was dismissed per the plea negotiations.

| 12/06/90 Date Filed | Driving While Suspended | Shawnee County, Kansas District Court Docket No. 90TR11259 | **02/26/91**: $100 fine |
|---|---|---|---|

The defendant was arrested seven times for failing to pay the fine in this case.

| 02/01/91 | Unlawful Use of Weapons | Shawnee County, Kansas District Court Docket No. 91CR869 | **10/23/91**: 2 years probation |
|---|---|---|---|

| 07/09/92 | Felony Attempted Bribery | Shawnee County, Kansas District Court Docket No. 93CR2230 | **03/09/94**: 24 months probation **07/10/97**: Released from probation |
|---|---|---|---|

This case was originally filed under 92CR2958. On August 11, 1993, the State requested a
continuance and it was denied. That case was dismissed. The case was re-filed under
93CR2230 on August 18, 1993. Charges of Driving Under the Influence and Driving While
Suspended were dismissed per the plea negotiations.

| 07/27/93 | Driving While Suspended | Shawnee County, Kansas District Court Docket No. 93TR6494 | **Date unknown**: $100 fine |
|---|---|---|---|

| 08/19/93 | Possession of Marijuana | Shawnee County, Kansas District Court Docket No. 93CR3517 | **05/16/94**: 12 months probation |
|---|---|---|---|

Charges of Possession of Drug Paraphernalia and Driving While Suspended were dismissed per the plea negotiations.

| 09/22/94 | Felony Driving While Suspended | Shawnee County, Kansas District Court Docket No. 94CR4063 | **04/07/95**: 9 months custody suspended, 24 months probation **07/10/97**: Released from probation |
|---|---|---|---|

One count of Felony Obstruction was dismissed per the plea negotiations.

| 10/16/95 | Driving While a Habitual Violator | Shawnee County, Kansas District Court Docket No. 97CR1857 | **10/31/97**: 9 months custody concurrent with 97CR2440 |
|---|---|---|---|

The defendant was taken into the custody of the Kansas Department of Corrections on November 17, 1997. The defendant was released on parole on July 9, 1998. The defendant was taken back into custody on November 18, 1998, for parole violation. The defendant was released on parole on December 1, 1999, and his sentence expired on February 27, 2000.

| 10/24/95 | No Insurance, Refusing Preliminary Breath Test, Failure to Maintain Lane | Shawnee County, Kansas District Court Docket No. 95CR3944 | **12/07/95**: 12 months probation **07/10/97**: Released from probation |
|---|---|---|---|

| 03/20/97 | Driving While a Habitual Violator | Shawnee County, Kansas District Court Docket No. 97CR2440 | **10/31/97**: 9 months custody concurrent with 97CR1857 |

One count of Driving While Suspended was dismissed per the plea negotiations.

| 12/03/01 Date Filed | Disorderly Conduct | Shawnee County, Kansas District Court Docket No. 02CR18 | **05/08/02**: 30 days custody suspended, 6 months probation **11/14/02**: Released from probation |

This count was amended from Battery.

| 07/19/02 | Driving Under the Influence | Shawnee County, Kansas District Court Docket No. 02TR5987 | **11/18/03**: 180 days custody suspended, 12 months probation |

**PENDING**

The defendant has an outstanding warrant through the Topeka, Kansas, Municipal Court for Interference w/City Officers and Driving While Suspended. The Docket No. is CR-2004-26031-SU.

| 10/14/04 | Felony Driving Under the Influence | Shawnee County, Kansas District Court Docket No. 04CR1856 | **10/04/05**: Found guilty by jury trial **11/02/05**: New trial ordered, state is appealing |

**OTHER ARRESTS**

| DATE | OFFENSE | PLACE | DISPOSITION |
|---|---|---|---|
| 06/10/88 | Rape, Criminal Restraint | Shawnee County, Kansas District Court Docket No. 88CR1242 | **10/27/88**: Acquitted |

| DATE | OFFENSE | PLACE | DISPOSITION |
|---|---|---|---|
| 05/25/91 | Battery | Shawnee County, Kansas District Court Docket No. 91CR1127 | **08/20/91**: Dismissed |

This case was dismissed when the witness failed to show up for court.

| DATE | OFFENSE | PLACE | DISPOSITION |
|---|---|---|---|
| 07/10/91 | Driving Under the Influence, Operating Motor Vehicle W/O License | Shawnee County, Kansas District Court Docket No. Unknown | **07/10/91**: Dismissed |

| DATE | OFFENSE | PLACE | DISPOSITION |
|---|---|---|---|
| 05/28/93 | Rape, Attempted Aggravated Criminal Sodomy | Topeka, Kansas Police Department | **10/25/95**: Prosecution declined |

| DATE | OFFENSE | PLACE | DISPOSITION |
|---|---|---|---|
| 10/15/94 | Felony Driving While Suspended, Domestic Battery | Shawnee County, Kansas District Court Docket No. 94CR3499 | **12/16/94**: Dismissed |

| DATE | OFFENSE | PLACE | DISPOSITION |
|---|---|---|---|
| 02/01/95 | Felony Driving While Suspended | Shawnee County, Kansas District Court Docket No. 95CR153 | **02/07/95**: Dismissed |

| 11/24/95 | Domestic Battery, Driving While Suspended | Shawnee County, Kansas District Court Docket No. 95CR4278 | **01/09/96**: Dismissed |

This case was re-filed on June 11, 1997, under Docket No. 97CR1765. It was dismissed again on October 8, 1997.

| 03/31/97 | Driving Under the Influence, Driving While Suspended, Improper Parking | Topeka, Kansas Police Department | Referred to Prosecutor |

| 07/03/97 | Robbery | Shawnee County, Kansas District Court Docket No. 97CR2009 | **08/14/97**: Dismissed |

| 10/07/98 | Aggravated Battery | Shawnee County, Kansas District Court Docket No. 98CR3431 | **01/07/00**: Dismissed |

On October 29, 1998, the defendant pled guilty in this case. On November 23, 1999, the defendant's plea was withdrawn and a jury trial was ordered. The state dismissed the case before it went to trial.

| 04/18/01 | Criminal Threat | Shawnee County, Kansas District Court Docket No. 01CR561 | **07/15/03**: Dismissed |

| 07/01/01 | Harassment by Telephone | Topeka, Kansas Police Department | **02/11/02**: Dismissed |

| 07/29/01 | Assault on an LEO, Driving Under the Influence, Disorderly Conduct | Topeka, Kansas Police Department | Referred to Prosecutor |
|---|---|---|---|

| 10/04/02 | Battery, Criminal Damage | Shawnee County, Kansas District Court Docket No. 02CR2450 | **08/11/03**: Dismissed |
|---|---|---|---|

| 09/21/04 | Battery | Shawnee County, Kansas District Court Docket No. 05CR725 | **09/27/05**: Dismissed |
|---|---|---|---|

| 09/25/04 | Criminal Trespass, Obstruction | Pottawatomi Tribal Police Department Jackson County, Kansas | Unknown |
|---|---|---|---|

Additionally, the record indicates that, while incarcerated, defendant was "written up" on fifteen separate occasions; although most of these matters appear minor, of considerable note given the present charges is one instance of threatening or intimidating another individual. See Government's Exhibit 1.  In any event, the criminal history factor in the case at bar weighs heavily in favor of detention.

      **10.    The defendant's record concerning appearance at court proceedings.**  Defendant has demonstrated a propensity to fail to appear as required in prior

criminal cases, as reflected in the criminal history section immediately above.  This factor

weighs in favor of detention, but only nominally in this particular case.

As mentioned earlier, the ten specific sub-factors reviewed immediately above relate

to the general history and characteristics of the particular defendant.  On balance, in the

court's view, this general factor in this case weighs in favor of detention.

**D.     The nature and seriousness of the danger to any other particular person,
or the community at large, that allegedly would be  posed by the defendant's  release
pending trial.**  The court respectfully declines to accept defendant's argument that detention

is inappropriate here because there may be a low probability that defendant, if released,

actually would follow through on his alleged threats to President Bush and Governor

Sebelius.  In this regard, without objection by the Government, defendant presented a report

by the Justice Department which, in pertinent part, debunks two myths about political

assassins: (1) that assassination is a product of mental illness or derangement; and (2) that

the persons most likely to carry out attacks are those who make direct threats.  *See*

Defendant's Exhibit C, at 13-16.  Even if the conclusions expressed in this report are valid,

and the court essentially assumes that for purposes of its decision on release versus detention,

in the court's view, given the entirety of the record, conditional release would pose an

unreasonable risk of physically violent conduct by defendant toward the community at large,

even if defendant's alleged threats to the President and the Governor amount to no more than

delusional rantings.  In any event, the court finds that this factor weighs in favor of detention.

# V.  CONCLUSION.

The court has weighed and balanced all of the various relevant factors.  Of course, this exercise is not as simple as counting those factors which weigh in favor of release against those which weigh in favor of detention.  Each case calls for individualized analysis.

The court also has considered all of the various combinations of possible conditions of release which are mentioned in the Bail Reform Act.[5]  Further, the court has considered the particular conditions that have proposed by the defendant, i.e., mental health treatment at the discretion of Pretrial Services.  Even applying the stringent standard of clear and convincing evidence, the court finds that, if the defendant were released pending trial, no combination of conditions will reasonably assure the safety of the community.

Based on a preponderance of the evidence, the court alternatively finds that detention is warranted on the basis that defendant is a serious flight risk.  To be clear, the court does

---

[5] Under 18 U.S.C. § 3142(c), although not set forth in any order of preference, the conditions of release may include:

1.      third party custody;
2.      maintaining or seeking employment;
3.      maintaining or commencing an educational program;
4.      restrictions on travel, personal associations, or place of abode;
5.      prohibition against contact with alleged violent or potential witness;
6.      regular reporting to a designated law enforcement officer;
7.      curfew;
8.      prohibition on possession of dangerous weapons;
9.      restrictions on use of alcohol or controlled substances;
10.     medical or psychiatric treatment;
11.     agreements to forfeit money or property upon failure to appear;
12.     surety bond;
13.     confinement with part-time release; or
14.     any other condition reasonably necessary to assure the defendant's appearance and the safety of the community or other persons.

not believe that defendant presents a flight risk in the sense that he would flee the jurisdiction.  Rather, the court's primary concern here is that defendant's mental health problems appear to be so profound that he is not amenable to pretrial supervision, i.e., the court has no confidence that defendant would (or could) comply with even the most rudimentary conditions of release that the court ordinarily would impose.   The court's secondary concern is that, even if released and allowed to continue residing in the District of Kansas, defendant could not be reasonably relied upon to appear for all scheduled hearings.

## VI.  ORDER.

Accordingly, the Government's motion for pretrial detention is granted.   The defendant is committed to the custody of the Attorney General, or his designated representative, for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

At the close of the detention hearing, the undersigned magistrate judge indicated that, although detention probably would be ordered, he might later direct Pretrial Services to conduct a mental health evaluation of defendant so that the issues could be reassessed based

on a better developed factual record.  Having given the matter more thought, however, and without prejudice to whatever evaluation defendant may wish to have performed independently, the court respectfully declines to order such an evaluation at this point in time.         IT IS SO ORDERED.

Dated this 5th day of December, 2005, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

19